BRETT A. SHUMATE
Assistant Attorney General
JONATHAN K. ROSS
Senior Litigation Counsel
JOSEPH MCCARTER (MD 2311290014)
Trial Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 746-8537
Email: Joseph.A.McCarter@usdoj.gov
Attorneys for Defendant

GARY FINN (CA 136859)
Law Offices of Gary Finn
82632 Highway 111, Ste. B-2
Indio, CA 92201
Phone: (760) 347-5779
Email: GaryFinnLaw@hotmail.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CRUZ ALVAREZ, | No. 5:24-cv-00918-CBM-SPx |
| Plaintiff, | **JOINT STIPULATED PROTECTIVE ORDER AND FED. R. EVID. 502(d) CLAWBACK ORDER** |
| v. | |
| MARCO RUBIO, United States Secretary of State, | |
| Defendant. | Honorable Consuelo B. Marshall<br>United States District Judge |

  During the pendency of discovery, the Parties anticipate the production of documents containing identifying information relating to Plaintiff, Francisco Cruz Alvarez, and third parties not participating in this lawsuit. This identifying information is contained within various agency records and databases, some of which are in the

possession, custody, and control of Defendant and his counsel. Defendant agrees to produce to Plaintiff unredacted records relating to Plaintiff, and (where appropriate and allowable by law) third parties, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the Parties have stipulated.

WHEREFORE, with the agreement of the Parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c), and a clawback order pursuant to Federal Rule of Evidence 502(d), to govern the disclosure, use, and handling by the Parties and their respective agents, successors, personal representatives and assignees,

IT IS HEREBY ORDERED that, in accordance with the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), Defendant is authorized to release to counsel for Plaintiff, and this Court, discovery containing unredacted identifying information of Plaintiff and third parties, without obtaining prior written consent of Plaintiff or third parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. Definitions and Scope. "Protected Material" means any document, Electronically Stored Information ("ESI") (including databases and metadata), tangible thing, deposition testimony or transcript, or other information that contains (a) records covered by the Privacy Act, 5 U.S.C. § 552a; (b) personal identifiers or other information from which an individual can be identified; or (c) information designated under this Order as "PROTECTED." This Order governs Protected Material in any format and all copies, excerpts, summaries, or derivations thereof.

2. The Parties agree that the terms of this Protective Order will govern the entirety of any Protected Material, including but not limited to alien registration file, any law enforcement report, or other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including

any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

3. To the extent that any documents or records to be provided by the federal government contain third party names, addresses, birth dates, or any other identifying information (*i.e.*, information the use of which would allow identification of the person to whom the information relates), such information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order. All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

4. Designation. A producing party may designate Protected Material by marking the first page (or for ESI, the load-file field) with "COVERED BY PROTECTIVE ORDER" or the following label (or substantial equivalent) on them or any copies thereof, or any cover sheets thereon:

PROTECTED

THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN *FRANCISCO CRUZ ALVAREZ v. MARCO RUBIO, UNITED STATES SECRETARY OF STATE, ET AL.* (5:24-cv-00918-CBM-SP). THIS DOCUMENT/VIDEO/DIGITAL RECORD AND ITS CONTENTS SHALL NOT BE USED, SHOWN, OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

Note: Inadvertent failure to designate does not waive protection; upon written notice, the receiving party must treat the material as Protected Material prospectively and make good-faith efforts to retrieve any prior non-compliant dissemination.

5. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

  A. Counsel for Plaintiff, Plaintiff himself, counsel for Defendant, Defendant's and/or his agents, and any support staff of such counsel assisting in this action;

  B. The Court and its personnel;

  C. Court reporters, translators, and other litigation support personnel;

        D. Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order;

        E. Expert witnesses or consultants retained by Plaintiff or Defendant;

        F. The author of a given document or the original source of the information; and

        G. Any Court of Appeals and its personnel, in the event of any appeal.

6.    Plaintiff's Access to Third-Party Information. To the extent Protected Material contains third-party identifiers or Privacy Act information concerning persons other than Plaintiff, Plaintiff may review such material under counsel's supervision but shall not retain copies absent further Court order or the producing party's written consent.

7.    Redactions permitted. Nothing in this Order precludes redaction of: (a) attorney work product, trial preparation material, or the attorney-client privilege; (b) deliberative process privilege; (c) the governmental privilege against disclosure of information which could threaten the lives and safety of governmental personnel and their families, interfere with open investigations or prosecutions, or reveal confidential law enforcement techniques or confidential sources; or (d) any other applicable privilege. Further, nothing in this Protective Order shall be deemed to preclude the parties from redacting from documents subject to this Order, where applicable, information relating to law enforcement deliberations and information about individuals not a party to this litigation and that are unrelated to the issues in this litigation.

8.    Upon the signing of this Protective Order by the Court, redactions made by counsel, if any, to the documents marked "COVERED BY PROTECTIVE ORDER" will not be made for the purpose of protecting the privacy of third parties who may be identified in the discovered material. Plaintiff retains the right to file a motion to compel for any redacted information.

9. All persons listed above in paragraph 4(A) to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in above paragraphs 4(B)–(G), any confidential information, except as provided in this Protective Order.

10. All persons listed in above paragraphs 4(D) and 4(E), to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for Plaintiff or counsel for Defendant.

11. Any party seeking to file Protected Material shall comply with C.D. Cal. L.R. 79-5. The party shall narrowly tailor sealing requests and use redactions where feasible. No document will be sealed solely by virtue of this Order.

12. To the extent that third party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by so indicating on the record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information.

13. The parties shall confer in advance of hearings or trial regarding handling of Protected Material. If protection from public disclosure is sought, the party shall proceed under L.R. 79-5. Any public transcript shall be narrowly redacted consistent with the Court's ruling.

14. Subpoenas and Compelled Disclosure. If a receiving party receives a subpoena, court order, or other compulsory process seeking Protected Material, it shall promptly notify the producing party (and, where applicable, the United States) and shall not produce the material until the earlier of: (i) the producing party's consent; or (ii) a court order resolving any motion to quash or for protective relief.

15. Due to the highly sensitive nature of information regarding third parties that may be produced by Defendant, such protected documents or information shall not be used

to contact or attempt to contact third parties named in the documents for any purpose, absent the express authorization of the undersigned counsel.

    16.    Inadvertent Production and Clawback.

        A. Clawback Under Fed. R. Evid. 502(d). Pursuant to Rule 502(d), the production of privileged or protected material—whether inadvertent or otherwise—shall not constitute a waiver of any privilege or protection in this or any other federal or state proceeding. Upon written notice, the receiving party shall immediately cease use, sequester, and within 5 business days return or destroy the specified material and all derivatives, and certify compliance. The receiving party may challenge the privilege claim, but may not argue waiver based on the production.

        B. The inadvertent or unintentional disclosure or production of any document or information (including but not limited to confidential information, privileged communications, or work product) shall not be deemed a waiver, in whole or in part, of any applicable privilege, doctrine, or protection, including but not limited to the attorney-client privilege, work product doctrine, deliberative process privilege, or any other legally recognized protection.

        C. If a producing party discovers that it has inadvertently produced or disclosed information that is subject to a claim of privilege or protection, it shall promptly notify all receiving parties in writing and identify the material, the privilege or protection asserted, and the basis for the assertion.

        D. Upon receiving such notice, the receiving party shall immediately cease any use or disclosure of the material, return or destroy all copies of the material, and take reasonable steps to retrieve it from any person to whom it was disclosed. The receiving party may then challenge the claim of

        privilege or protection by motion but shall not assert as a ground for compelling production the fact of prior disclosure.

    E. The provisions of this section are entered pursuant to and shall be interpreted in accordance with Federal Rule of Evidence 502(d), and nothing herein shall be construed as limiting the scope of that rule. Accordingly, the Court hereby orders that the production of privileged or protected documents, ESI, or other materials in this action shall not constitute a waiver of any privilege or protection as to these or similar documents in this or any other federal or state proceeding.

17. Within thirty (30) days after final resolution (including appeals), each receiving party shall return or destroy all Protected Material and derivatives (including notes, summaries, and excerpts) and provide written certification. Counsel may retain one archival copy of pleadings, motions, transcripts, correspondence, and attorney work product that may contain Protected Material, which remains subject to this Order.

18. Use Limitation. Protected Material shall be used solely for purposes of this litigation and not for any other case, proceeding, administrative action, or FOIA/public-records request, absent Court order.

19. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

20. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

21. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

22. This Protective Order shall be binding upon any present and future party to this litigation.

23. Lastly, this Protective Order shall be effective and enforceable upon its signature by counsel and by the Court.

**SO ORDERED.**

Dated: October 9, 2025

_____
Sheri Pym
United States Magistrate Judge

**SIGNATURE OF COUNSEL**

Dated: September 30, 2025          s/ *Gary Finn*
                                   Gary Finn
                                   Counsel for Plaintiff

Dated: September 30, 2025          s/ *Joseph McCarter*
                                   Joseph McCarter
                                   Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CRUZ ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, United States Secretary of State, et al.,<br><br>Defendant. | No. 5:24-cv-00918-CBM-SPx<br><br>**JOINT STIPULATED PROTECTIVE ORDER AND FED. R. EVID. 502(d) CLAWBACK ORDER**<br><br>Honorable Consuelo B. Marshall<br>United States District Judge |

EXHIBIT A

1. I, the undersigned, have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

2. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____ by _____.
(Print Name)

_____
Signed